GRABER, Circuit Judge,
concurring in part and dissenting in part:
I respectfully concur in part and dissent in part. I agree with the majority on all issues except the ripeness of Plaintiffs claims against the Arizona Commission on Judicial Conduct.
The majority holds that Plaintiffs claims regarding the solicitation, campaigning, and endorsement clauses are both constitutionally and prudentially ripe as to all the defendants collectively. I agree with that conclusion. But, under the circumstances, we also should consider whether those claims are ripe as to each of the defendants. See, e.g., Charter Fed. Sav. Bank v. Office of Thrift Supervision, 976 F.2d 203, 209 (4th Cir.1992) (holding that a claim was ripe as to one defendant but not as to another, who could take action against the plaintiff only upon the occurrence of future contingent events). I bear in mind that a claim is not ripe “if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all.” Texas v. United States, 523 U.S. 296, 300, 118 S.Ct. 1257, 140 L.Ed.2d 406 (1998) (internal quotation marks omitted).
Here, the Arizona Chief Bar Counsel supervises the initial screening of matters and oversees the prosecution of discipline cases. Ariz. R. Sup.Ct. 51(a). Plaintiff would face a genuine threat of imminent prosecution by the Arizona Chief Bar Counsel if he were to campaign as he desires and intends to do. This claim rests on “a single factual contingency,” namely, Plaintiffs participation in a judicial election, rather than on “a ‘series of contingencies.’ ” Educ. Credit Mgmt. Corp. v. Coleman (In re Coleman), 560 F.3d 1000, 1005 (9th Cir.2009). Thus, I conclude that Plaintiffs claims regarding the solicitation, campaigning, and endorsement clauses are ripe as to the Arizona Chief Bar Counsel.
Similarly, Plaintiffs claims regarding the solicitation, campaigning, and endorsement clauses are ripe as to the defendants who are members of the Disciplinary Commission of the Arizona Supreme Court. Those defendants would become involved in enforcing the canons if the Chief Bar Counsel were to prosecute Plaintiff — a threat that is genuine — and if either Plaintiff or the Arizona State Bar sought review of the hearing officer’s report. Ariz. R. Sup.Ct. 49(c)(1), 57(£). Plaintiffs appeal of a report unfavorable to him is a foregone conclusion, and I would not rely on the speculation that the Bar might refrain from appealing a report unfavorable to it. Thus, I conclude that there is a genuine threat that the Disciplinary Commission would become involved in imminent enforcement of the canons against Plaintiff.
By contrast, under its own rules, the Arizona Commission on Judicial Conduct will have disciplinary jurisdiction over Plaintiff only if he runs for judicial office and wins. The outcome of an unspecified future election is plainly an uncertain “contingent future event[ ]” within the meaning of Texas, 523 U.S. at 300, 118 S.Ct. 1257 (internal quotation marks omitted). Although the Commission ultimately might have retrospective jurisdiction over Plaintiffs actions as a candidate, if he were to be elected to judicial office, the possibility of that occurring remains purely speculative.
Even in the First Amendment context, a plaintiff must have a reasonable fear that the law in question will be enforced against him or her. Cal. Pro-Life Council, Inc. v. Getman, 328 F.3d 1088, 1095 (9th Cir. *1068 2003). Here, because the possibility of jurisdiction by the Commission is so speculative, Plaintiff faces no “genuine threat of imminent prosecution” before that body. San Diego County Gun Rights Comm. v. Reno, 98 F.3d 1121, 1126 (9th Cir.1996) (internal quotation marks omitted). Because the potential for the Commission to discipline Plaintiff is speculative and rests on a series of contingencies, not all of which are within his control, I would hold that Plaintiffs claims against Defendants who are members of the Commission are not ripe and must be dismissed without prejudice. In all other respects, I join the opinion.